UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORIS RAMOS,**<br>**individually and on behalf**<br>**of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**GENESIS HEALTHCARE, LLC, and**<br>**GENERAL INFORMATION**<br>**SERVICES, INC.**<br><br>    **Defendants.** | Case No. 14-<br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Doris Ramos, on behalf of herself and all others similarly situated, and files this Class Action Complaint against Genesis Healthcare, LLC and General Information Services, Inc. (collectively, "Defendants"). Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

### I.    NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2.    Defendant Genesis Healthcare, LLC ("Genesis") provides rehabilitation therapy, long-term care, and assisted living services to patients throughout the United States. It staffs these services with consumers like Plaintiff. As part of its hiring process, Genesis uses criminal-background reports generated by Defendant General Information Services ("GIS") to make employment decisions. Because such employment decisions are based in whole or in part on the

contents of the criminal-background reports, Genesis is obliged to adhere to certain strictures of the FCRA.

3. Defendant GIS operates a national database of public records and related employment histories as a nationwide consumer reporting agency ("CRA"). GIS maintains a FCRA database to prepare and furnish consumer reports for employment and other purposes. GIS provided these consumer reports to prospective and existing employers of Plaintiff and members of the Class. Many of these employers, like Genesis, refused to hire or discharged Plaintiff and other individuals based in whole or in part on the contents of the consumer reports.

4. When using criminal background reports for employment purposes, Genesis must, before declining, withdrawing, or terminating employment based in whole or in part on the contents of the report, provide job applicants like Plaintiff with a copy of their respective reports as well as a written summary of their rights under the FCRA.

5. Providing a copy of the criminal background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

6. To complete this process—consideration of the background reports and sending of the mandatory FCRA notices—Genesis has hired GIS, which operates in this and many instances as both the consumer reporting agency generating the background check as well as the agent of the employer to execute all decisions based on the information contained therein. Further, GIS even goes so far, as in this case, to compare the background reports it generates

against hiring criteria provided to it by Genesis and adjudicating those individuals as fit for employment with Genesis.

7. Plaintiff brings nationwide class claims against Genesis under 15 U.S.C. § 1681b, because it, as an omission in its hiring process and whether by its own conduct or by the conduct of its agent GIS, failed to provide Plaintiff with a copy of the criminal background report or a summary of her rights under the FCRA before taking an adverse action against her.

8. Plaintiff also brings an individual claim under 15 U.S.C. § 1681e(b) against GIS because of inaccuracies contained in her GIS report. GIS sold to Genesis a report on Plaintiff that contained criminal history that failed to correctly reflect that Plaintiff pleaded guilty to misdemeanor assault in 1976. GIS instead incorrectly reported that conviction as a felony.

9. The FCRA imposes upon GIS the obligation to maintain systems to ensure the maximum possible accuracy of the information that it puts into consumer reports. Since GIS failed to accurately report history of Plaintiff's misdemeanor conviction, its system falls short of this requirement.

## II.   PARTIES

10. Plaintiff Doris Ramos is a "consumer" as protected and governed by the FCRA.

11. Defendant Genesis Healthcare LLC is a Delaware entity that markets its services throughout the United States, including within this District.

12. Defendant General Information Services, Inc. sells its products and services throughout the United States, including within this District.

## III.   JURISDICTION AND VENUE

13. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

14. Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

15. Venue is also proper in this Court because Genesis and GIS can be found in this District. 28 U.S.C. § 1391(b)(3). Among other things, Genesis maintains its corporate headquarters in this District, and GIS regularly sells its products and services in this District.

### IV. FACTUAL ALLEGATIONS

16. GIS furnished consumer reports concerning Plaintiff to Genesis as part of its hiring process. During the FCRA statute-of-limitations period, GIS was a "consumer reporting agency" as defined by the FCRA.

17. During the FCRA statute-of-limitations period, GIS was regularly engaged in the business of assembling, evaluating, and disbursing public-record information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

18. At all times relevant hereto, Genesis—to whom GIS sold consumer reports about class members for employment purposes—was a "user" of those consumer reports, as governed by the FCRA.

**A.    Plaintiff's Acceptance of Offer of Employment With Genesis**

19. Plaintiff Doris Ramos applied for a position as an Occupational Therapist Assistant with Genesis' wholly owned subsidiary, Therapists Unlimited, at the beginning of July, 2014. On July 10, 2014 Plaintiff was formally offered the job in writing, which she also accepted in writing that same day.

20. The July 10, 2014 job offer contained, among other things, a non-compete clause by which Plaintiff agreed not to accept another position. As such, upon accepting the position with Genesis, Plaintiff was precluded from seeking alternative employment.

21. As part of its application procedure, Genesis purchased from GIS a consumer report on Plaintiff on or about July 9, 2014. After viewing the report, Genesis communicated to Plaintiff, by phone on July 25, 2014, that her application had been "flagged" because of a felony in her criminal history. The hiring manager who called Plaintiff indicated that the felony posed a "problem" for her employment.

22. Explaining that the felony entry was incorrect, Plaintiff offered to write a letter to the hiring manager setting out her correct criminal history.

23. On July 26, 2014, Plaintiff received a letter from GIS stating that it had provided Plaintiff's background report to "Genesis Healthcare CareerStaff Unlimited," and included as enclosures a copy of Plaintiff's background report and a summary of her FCRA rights. The report stated that Plaintiff's "Hire Date" was July 8, 2014.

24. Plaintiff emailed her explanation letter to the hiring manager on July 27, 2014 which the manager confirmed receiving in a July 28, 2014 email to Plaintiff. The hiring manager stated that she would forward Plaintiff's letter to "Corporate counsel."

25. On July 29, 2014, the hiring manager called Plaintiff and stated that the company was withdrawing its offer of employment because of the inaccurate felony conviction GIS reported. At no time during any of these communications did Genesis provide Plaintiff with a copy of her GIS report, and Plaintiff still has yet to receive the report from Genesis. On information and belief, the letter Plaintiff received on July 26, 2014 from GIS was a notice GIS

was required to provide under 15 U.S.C. § 1681k(a)(1), but which does not absolve Genesis of any of its own duties under the FCRA.

26. Alternatively, assuming that the July 26 letter from GIS was actually a pre-adverse action notice under 15 U.S.C. § 1681b(b) sent on behalf of Genesis, Plaintiff never received the notice from GIS required under 15 U.S.C. § 1681k(a)(1) at the time a report containing adverse information is provided to the user, Genesis.

27. On August 1, 2014, three days after Genesis retracted its offer of employment, Plaintiff received a second letter from GIS stating that Genesis would not employ her. However, on information and belief, Plaintiff alleges that the hire-versus-fire adverse action actually occurred almost immediately upon the completion of Plaintiff's report by GIS, as GIS itself was tasked with the "adjudication" of whether or not to disqualify an applicant based on the content of the report using predefined hiring criteria from Genesis. Such process is automated and involves limited, if any, human discretion, and for most similarly situated consumers, no discretion by Genesis.

28. Thus, the date of the "adverse action" against Plaintiff was the date that GIS first created and instantly "adjudicated" her application. GIS stated on Plaintiff's report that she "Does Not Meet Hiring Criteria," a conclusion that Genesis accepts and follows without any independent investigation or exercise of discretion.

**B.     Plaintiff's Criminal History And GIS's Failure To Correct It**

29. Plaintiff has two entries on her criminal history: (a) a 1999 conviction for the misdemeanor of providing a NSF check, and (b) a 1977 conviction for misdemeanor assault. GIS's misreporting of the assault conviction cost Plaintiff her job with Genesis.

30.     In November of 1976, a grand jury in Harris County, Texas, indicted Plaintiff for the felony of intentionally and knowingly causing bodily injury to a child of less than 15 years of age. The child's injury arose when Plaintiff's former husband disciplined the couple's son with a belt. As the child's mother, Plaintiff was deemed equally responsible for the incident although she took no part in it.

31.     After the indictment, the State moved to reduce the charge to misdemeanor assault, to which Plaintiff pleaded guilty on May 20, 1977. Plaintiff received no punishment other than a $25 fine, and the court's judgment plainly states—twice—that Plaintiff pleaded guilty to "the offense of assault, a class A misdemeanor." Nowhere does the judgment state that Plaintiff pleaded guilty to a felony or any crime involving injury to a child.

32.     In its report furnished to Genesis, GIS reported (a) a misdemeanor conviction for assault, and (b) a felony conviction for "Assault – Injury to a Child," both with a disposition date of May 20, 1977. This second entry is inaccurate, as Plaintiff's sole conviction was for misdemeanor assault, which is not a felony and is not injury to a child.

33.     Seeking to have the inaccuracies on her GIS report corrected, Plaintiff completed GIS's "Disclosure/Dispute Process Request Form" and submitted it to GIS by fax and certified mail on August 6, 2014. Where instructed to indicate the inaccuracies on her GIS report, Plaintiff stated:

- I was never convicted of a felony.
- I was never convicted of felonious assault.
- I was never convicted of crimes against children.

Despite these unambiguous statements and the clarity of her assault judgment, GIS was still unable to correct its error.

34. On August 21, 2014, GIS stated in a letter to Plaintiff that its investigation of her dispute was complete, and enclosed an updated copy of her background report with that letter. GIS's reinvestigation of Plaintiff's dispute, however, failed to result in an accurate report.

35. Rather than doing the correct thing, removing the second entry of assault altogether, GIS removed the first—and accurate—entry of misdemeanor assault, and reduced the level of the second—and incorrect—entry of assault from a felony to a misdemeanor. GIS also, again incorrectly, categorized this misdemeanor as "Assault – Injury to a Child." This categorization is simply inaccurate, as Plaintiff plainly explained on her dispute form and can be readily ascertained from the judgment document itself.

36. An online search of Harris County Criminal Records indicates that the charge on which Plaintiff was originally indicted was dismissed, while the misdemeanor assault charge is "completed."

## C. Genesis' Practices and Policies

37. Genesis has created and implemented national, uniform hiring and staffing policies, procedures, and practices under which it operates. Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

38. Genesis routinely obtains and uses consumer reports to screen prospective employees. As a matter of practice, Genesis regularly fails to provide copies of consumer reports to job applicants against whom it takes an adverse action based in whole or part on consumer reports, before taking that adverse action.

39. As a matter of practice, Genesis regularly fails to provide copies of the FTC or CFPB notice of rights to job applicants against whom it takes an adverse action based in whole or part on consumer reports, before taking that adverse action.

40. As a matter of course, Genesis uses the same business process for obtaining and using consumer reports, and for the "adjudication" of employment applications as it did with Plaintiff and members of the Class.

41. As a result of these FCRA violations, Genesis is liable to Plaintiff, and to each Class member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

42. As a result of its own, independent FCRA violations, GIS is liable to Plaintiff for her actual damages resulting from the inaccuracies contained in her GIS report, as well as attorneys' fees and costs. 15 U.S.C. § 1681o.

43. Defendants' conduct and omissions were willful. Because the FCRA was enacted in 1970, Defendants have had years to become compliant but have failed to do so.

44. Genesis, a nationwide employer, was aware of obligations under the FCRA as they relate to employment because it hired GIS not only to perform its background checks but also to (attempt to) provide Genesis' adverse-action notices to job applicants. Genesis therefore knew of the requirements imposed upon it by the FCRA, and failed to craft a system that would ensure compliance with those requirements.

## V.     CLASS ACTION ALLEGATIONS

45. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of a class ("Class"), defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application or other request for placement to Genesis; (b) who were the subject of a consumer report which was used by Genesis or its agent to make an employment decision regarding such person during the FCRA statute of limitations period, 15 U.S.C. § 1681p, through the creation of the class list; and, (c) for whom that decision was either a rejection or a delay of the employment.

46. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Genesis releases of all their claims for all of their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

47. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

48. **Commonality.** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Genesis' uniform conduct and procedures, whether Genesis provided the required notices, when it did so, and whether Genesis acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. The appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Class.

49.     **Typicality.** Plaintiff's claims are typical of the other Class members' claims. As described above, Defendant Genesis uses common practices and automated systems in committing the conduct that Plaintiff alleges damaged her and the Class. Plaintiff seeks only statutory and punitive damages for her classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.  Genesis uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Class.

50.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's Counsel have prosecuted complex FCRA class actions across the country.

51.     Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Genesis' conduct. It would be virtually impossible for the members of the Class to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of Genesis to give Class members the proper notice. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

52. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Genesis' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### VI.    CAUSES OF ACTION

#### Count 1: (Class Claim) Genesis' Violations of 15 U.S.C. § 1681b(b)(3)(A)

53. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

54. Genesis' failure to provide members of the Class with a copy of the consumer report upon which it based its decision to take the adverse action prior to taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(i).

55. Likewise, Genesis' failure to provide members of the Class the mandated FTC/CFPB Summary of FCRA Rights prior to taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

56. The conduct, action, and inaction of Genesis were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

57. Plaintiff and other members of the Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Genesis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### Count 2:  (Individual Claim) GIS's Violation of 15 U.S.C. § 1681e(b)

58. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

59. Plaintiff brings this claim for herself individually.

60. GIS's failure to exclude from Plaintiff's report derogatory information not in her criminal history caused Genesis to deny Plaintiff employment.

61. Had GIS employed, as the FCRA requires, "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiff's report would not have included this derogatory, and inaccurate, information.

62. Failure to employ such procedures violates 15 U.S.C. § 1681e(b), entitling Plaintiff to actual damages for this failure under 15 U.S.C. § 1681o.

63. As a result of this conduct by GIS, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on her behalf by Counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

64. Plaintiff is also entitled to recover costs and attorneys' fees as well as appropriate equitable relief from GIS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

1. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

2. That judgment be entered for the proposed Class against Defendant Genesis for

statutory damages and punitive damages for violation of 15 U.S.C. § 1681b(b)(3) pursuant to 15 U.S.C. § 1681n.

    3.    That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o;

    4.    That judgment be entered for Plaintiff individually against GIS for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    5.    That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: January 7, 2015

                              Respectfully submitted,

By:   *James A. Francis*
      James A. Francis
      John Soumilas
      David A. Searles
      **FRANCIS & MAILMAN, P.C.**
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

      Michael A. Caddell (*pro hac vice* forthcoming)
      Cynthia B. Chapman (*pro hac vice* forthcoming)
      Craig C. Marchiando (*pro hac vice* forthcoming)
      **CADDELL & CHAPMAN**
      1331 Lamar, Suite 1070
      Houston TX 77010-3027
      Telephone: (713) 751-0400
      Facsimile: (713) 751-0906

Leonard A. Bennett (*pro hac vice* forthcoming)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

*Attorneys for Plaintiff*